## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ANDREW GROSS, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   13-cv-1160 |
| | ) | |
| RICARDO RIOS, *Warden,* | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241[1] (Doc. 1).  Petitioner filed his Petition on April 8, 2013, and paid the filing fee the same day.  (Doc. 1).  For the reasons stated below, Petitioner's Petition is dismissed without prejudice as to all claims except for his claim of reduction of good time credits.

Petitioner was convicted of one count of Negotiating and Manufacturing a Counterfeit Security in the Eastern District of Michigan. (Doc. 1 at 1).  He is currently incarcerated in federal prison in Pekin, Illinois. (Doc. 1 at 1).  From what the Court can discern, Petitioner's challenges stem from two incident reports he received for remaining in the prison law library rather than returning to his housing unit.  (Doc. 1 at 1).

---

[1] In his Petition, Petitioner seeks the Court "to grant Petitioner's Writ of Habeas Corpus, and requests for a restraining order against the Respondents."  (Doc. 1 at 1).  Petitioner's request for a restraining order does not refer to a jurisdictional basis, and the Court believes that the remedy he seeks is the same as that which he seeks under the Writ of Habeas Corpus. Thus, the Court will construe both motions as a single petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

Petitioner alleges that because of these two incident reports, the Disciplinary Hearing Officer (the "DHO") violated his rights by punishing him in the following ways: 1) The DHO deducted over three and a half months of good time credits and took away his phone and commissary privileges for over ninety days; 2) the DHO sanctioned him to 75 days of disciplinary segregation; 3) Petitioner was removed from protected custody in administrative detention to the general population; 4) Petitioner's custody level points were increased such that he was not able to transfer from a medium security facility to a low security facility; and 5) Petitioner was denied access to the prison law library before 6:00 P.M. (Doc. 1 at 2-3). Petitioner further alleges that the disproportionate punishment he believes he received is in retaliation for exercising his rights by filing lawsuits with the courts. (Doc. 1 at 5). He requests that "Respondents are ordered to correct his custody points . . . reclassify him to a low [Federal Correctional Institution] ... place the Petitioner back into protected custody status, administrative detention . . . lift all sanctions, and transfer the Petitioner in a timly[sic] manner to another [Federal Correctional Institution.]" (Doc. 1 at 5-6).

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[2] This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition

---

[2] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over 28 U.S.C. § 2243's deadlines and gives court discretion to set deadlines).

and determined Petitioner cannot pursue habeas corpus relief for any of his claims except for his claim for reduction of good time credits.

Section 2241 extends habeas corpus relief to prisoners "in custody in violation of the Constitution or laws or treaties of the United States," who "challenge the fact or duration of confinement." 28 U.S.C. § 2241; *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). Thus, habeas corpus exists as the avenue through which a prisoner may assert that he is unlawfully confined. Habeas corpus is generally not, however, the appropriate avenue for a prisoner to challenge the conditions of his confinement. *Robinson v. Sherrod*, 631 F.3d 839, 840 (7th Cir. 2011) (holding that § 2241 petition cannot be used to challenge conditions of confinement); *see also Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991) ("If a prisoner . . . is challenging merely the conditions of his confinement his proper remedy is under civil rights law . . .") (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Miller v. McCollum*, 695 F.2d 1044, 1046 (7th Cir. 1983)).

Here, all of Petitioner's grievances, except for the claim for reduction in good time credits, challenge the loss of privileges and his placement in disciplinary segregation and less desirable custody than that to which he believes he is entitled. Disciplinary segregation and challenges to more restrictive custody, however, relate to the severity of the custody, and not the fact or duration of custody. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995) (finding that segregated confinement did not affect the duration of a prisoner's sentence); *see also Graham*, 922 F.2d at 381 (If a prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the

case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks."). Accordingly, in cases where a prisoner "is not challenging the fact of his confinement, but instead the conditions under which he is being held, [the Seventh Circuit] has held that she must use a § 1983 or *Bivens* theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). Here, because petitioner is a federal prisoner, if a civil rights challenge can be made at all, it must be challenged under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Glaus*, 408 F.3d at 382 (explaining that *Bivens* is the federal equivalent of § 1983).

On the other hand, courts have repeatedly found that challenges to the deduction of good time credits must be sought under habeas corpus relief, because those credits directly impact the duration of the confinement. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1301-02 (2011) (citing numerous cases in which courts refused to allow a § 1983 suit for restoration of good-time credits because "'immediate release from [physical] confinement or the shortening of its duration' [] cannot be sought under § 1983). Thus, Petitioner can appropriately challenge the deduction of good time credits in his § 2241 petition. Petitioner's claim, however, needs further information for Respondent to effectively respond to this allegation. Petitioner simply states that he received incident reports for interfering with the taking of count and for being in an unauthorized area when he remained in the prison law library instead of returning to his housing unit, and consequently lost over three and a half months of good time credits. (Doc. 1 at 1-2). These allegations do not sufficiently explain the facts or basis for which Petitioner believes that the deductions are unlawful. Thus, Petitioner must file a supplemental

4

brief within twenty-one days providing more information to support his claim that the DHO unlawfully deducted his good time credits. If he does not, the Court will dismiss this claim.

As to Petitioner's civil rights claims, although district courts may exercise their discretion to recharacterize a habeas corpus petition as a civil rights complaint, the Court agrees with the Seventh Circuit's urging not to do so because of the numerous disadvantages it could present to Petitioner. *See Robinson*, 631 F.3d at 841 (recommending that district courts not recharacterize a habeas corpus petition as a civil rights complaint because the suits differ in so many respects that it would disadvantage the prisoner). Accordingly, the Court dismisses without prejudice all of Petitioner's claims except for his claim for deduction of good time credits. Petitioner is free to file a *Bivens* claim raising these challenges, if he wishes. Petitioner should note, however, that a *Bivens* claim may or may not be viable, and if Petitioner chooses to pursue a *Bivens* claim or an action challenging the prison's policy, an adverse decision might count toward the three free civil rights claims he can make if eligible to proceed in forma pauperis under 28 U.S.C. § 1915(g). *See Glaus*, 408 F.3d at 390 (advising district courts to inform pro se prisoners that refiling under the proper label will probably have certain consequences).

IT IS THEREFORE ORDERED:

1. Except for the claim for reduction in good time credits, all claims are DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

2. The Clerk SHALL serve a copy of the Petition (Doc. 1) by certified mail upon Respondent pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

3. Petitioner SHALL file a brief with this Court within twenty-one days of the date of this Order stating further facts related to the claim for reduction of good time credits, as described in this Order. Failure to do so will result in dismissal of this claim for failure to prosecute.

4. Respondent SHALL file an answer, motion, or other responsive pleading within fifty-six days after service of this Order. Respondent should address any facts which would establish whether Petitioner's remaining claim is untimely or procedurally barred. Additionally, Respondent should address the merits of Petitioner's claim and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

5. Petitioner MAY file a reply to Respondent's response within twenty-eight days of being served with the response.

6. Petitioner SHALL serve upon Respondent a copy of every further pleading or other document submitted for consideration by the Court.

Entered this <u>16th</u> day of April, 2013.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                              United States Senior District Judge